## DONOVAN v. HARLEM OCCIDENTAL CLUB.

(Supreme Court, Appellate Term. June 22, 1905.)

1. BONDS GIVEN BY CLUB—ACTIONS ON—CONSTRUCTION—TERMINATION OF MEMBERSHIP—EFFECT.

Where, by each of certain bonds, defendant club acknowledged itself indebted to plaintiff in a certain sum, "which it agrees to pay the holder hereof in person, or to any other member of the club to whom this bond may be transferred," etc., the fact that after acquiring the bonds plaintiff relinquished his membership did not discharge defendant from liability, the reference to "any other member of the club" only limiting the class of persons to whom assignment might be made.

2. SAME.

The further provision that after maturity the bond would be accepted in payment of club charges against its members did not create an exclusive method of realizing on the bond, but merely an alternative one, and in no sense qualified defendant's absolute undertaking to pay.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Daniel J. Donovan against the Harlem Occidental Club. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Henry A. Brann, for appellant.

Fromme Brothers, for respondent.

SCOTT, P. J. The plaintiff sues as the holder of 25 bonds issued by defendant, by each of which defendant "acknowledges itself indebted to Daniel J. Donovan in the sum of five dollars which it agrees to pay the holder hereof in person, or to any other member of the club to whom this bond may be transferred, at the expiration of two years from the date of this bond." The two years have expired. The plaintiff, when he acquired the bonds, was a member of the club, but has since relinquished his membership. The defense, sustained by the justice below, is that by its terms the holder of the bonds could recover upon them only if he was a member of the club at the time of bringing suit; or, in other words, that the termination of the membership of the holder operated to terminate the club's indebtedness. This defense is based upon the language of the promise to pay to the "holder hereof in person or any other member of the club to whom this bond may be transferred." With this contention we find ourselves unable to agree. As we have read the bond, the obligation to pay the plaintiff is absolute, and the reference to "any other member of the club" can at the most be given no further significance than to limit the class of persons to whom assignment may be made. It would require much clearer language than that incorporated into the bond to relieve the defendant of its obligation by the circumstance that its creditor had ceased to be a member. The provision that after maturity the bond will be accepted in payment of club charges against its members does not create an exclusive method of realizing upon the bond, but merely an alternative one, and in no sense qualifies the absolute under-

taking on the part of the club to pay the amount of the bond at the expiration of the period specified. Since the defense herein considered is the only one suggested by the answer, it will be unnecessary to send the cause back for a new trial.

Judgment reversed, and judgment directed for plaintiff for the sum of $125, with interest from the 21st day of January, 1905, with costs in this court and the appropriate costs in the court below. All concur.